IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 12 2016

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

**TERRY TIDWELL**                                                                **PLAINTIFF**

vs.                                    No. 4:16-cv-*254-JM*

**NCEP, LLC,**                                                              **DEFENDANTS**
**and LORI WITHROW, Individually and d/b/a**
**ALLEN & WITHROW, ATTORNEYS AT LAW,**
**and d/b/a LAW OFFICES OF ALLEN & WITHROW**

## ORIGINAL COMPLAINT

This case assigned to District Judge *Moody*
and to Magistrate Judge *Kay*

COMES NOW Plaintiff Terry Tidwell, by and through his attorneys Allison Koile

and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against

Defendant NCEP, LLC (hereinafter individually referred to as "NCEP"), and Defendant

Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law and d/b/a Law

Offices of Allen & Withrow (hereinafter individually referred to as "Withrow") (all parties

adverse to Plaintiff collectively referred to hereinafter as "Defendants"), does hereby

state and allege as follows:

## I.
## PARTIES, JURISDICTION AND VENUE

1.     This is an action for damages brought by an individual consumer for each Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices, as well as claims for violations of the Arkansas Deceptive Trade Practices Act.

2.     Plaintiff is an individual consumer and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including the causes of action plead herein.

3.     Plaintiff is an individual resident of Russellville, Pope County, Arkansas.

4.     NCEP is a foreign corporation registered to do business in the state of Arkansas, having identified The Corporation Company located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, as its registered agent for service.

5.     NCEP operates primarily to purchase and collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6.     Lori Withrow is an individual citizen and resident of the state of Arkansas, admitted to practice law in the state of Arkansas, who provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business at 12410 Cantrell Road, Suite 100, Little Rock, Pulaski County, Arkansas 72223.

7.     Lori Withrow also does business as Allen & Withrow, Attorneys at Law, an

Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

8.     Lori Withrow also does business as Law Offices of Allen & Withrow, an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

9.     Defendant Withrow also conducts the business of a debt collector and at times the actions taken by Defendant are either not those of an attorney or they are actions consisting of the blended duties of debt collector and attorney.

10.     Persons and corporations represented by Defendant Withrow operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq*. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

12.     Moreover, the Eastern District of Arkansas has concurrent jurisdiction over

all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

13.     Venue in this Court is further proper in that Defendants have brought an action to collect an alleged debt in an inferior state court located in this judicial district.

II.
## FACTUAL BACKGROUND

14.     On or about January 22, 2016, Defendant Withrow caused to be issued and filed, respectively, a Summons and Complaint in the District Court of Pope County, Arkansas, against Tidwell on behalf of NCEP who was collecting a debt which was allegedly assigned to or purchased by NCEP from "Nissan" for the amount of $7,737.21.

15.     A true and correct copy of the District Court Summons and District Court Complaint is attached hereto as Exhibit "A" and incorporated by reference as if set forth word for word herein.

16.     As detailed below, the lawsuit referenced above was substantively and procedurally deficient in significant ways.

17.     The underlying lawsuit is based upon allegations that the defendant in the underlying lawsuit (Tidwell) failed to make payments or otherwise defaulted on a line of credit that originated from a lender who is not a party to the underlying lawsuit.

18.     The purpose of the underlying lawsuit was to collect an amount allegedly owed on a line of credit allegedly issued to Plaintiff Tidwell.

19.     As set forth more specifically below, the underlying lawsuit is deficient for a variety of reasons, including that it 1) lacks sufficient proof of an agreement regarding or

consideration for the original debt; 2) lacks sufficient proof that the original debt was transferred to the plaintiff in the underlying lawsuit; 3) lacks sufficient proof that the affiant in the complaint in the underlying lawsuit had personal knowledge of any transactions, business records, or record-keeping practices as alleged by the affiant; 4) is facially barred by the applicable statute of limitations; 5) violates Rule 10(d) of the Arkansas Rules of Civil Procedure; and (6) is barred by the applicable statute of limitations.

20.     At all times relevant hereto, Defendants had full knowledge of the deficiencies described in the previous Paragraph.

21.     The debt at issue in the underlying lawsuit did not originate with NCEP.

22.     Attached to the complaint in the underlying lawsuit is an Affidavit and Verification of Account completed by an employee of NCEP.

23.     The Affidavit purports to be made with authority from the plaintiff in the underlying lawsuit.

24.     The affiant in the underlying lawsuit has no personal knowledge of the transactions alleged therein to have taken place between Tidwell and the debt originator.

25.     Neither the Affidavit nor any other document from the original lender attached to the complaint in the underlying lawsuit identifies the specific debt that is the subject of the district court lawsuit.

26.     Additionally, the underlying lawsuit lacks evidence of any written agreement creating the original debt and/or the actual extension of any loan or other thing of value to the alleged debtor in the underlying lawsuit.

27.     Defendant Tidwell did not own the debt at the time of filing the underlying action and failed to attach any documentation of any such alleged debt to the Complaint in the underlying action, in violation of Arkansas Rules of Civil Procedure 10(d).

28.     Defendants Withrow and NCEP knew they had no proof that NCEP owned the debt at the time of filing.

29.     At the time of filing the underlying lawsuit, both Defendants knew they could not obtain proof of the debt that was allegedly owed to NCEP.

30.     Additionally, on or about February 1, 2011, Defendant Withrow caused to be issued and filed, respectively, a Summons and Complaint in the District Court of Pope County, Arkansas, against Tidwell on behalf of a separate debt collector, Portfolio Recovery Associates, LLC, who was collecting a debt which was allegedly assigned to or purchased by Portfolio Recovery Associates in the amount of $7,419.27.

31.     A Default Judgment was entered by the Court on or about April 4, 2011, regarding the alleged debt owed by Tidwell to PRA referenced in Paragraph 30 above.

32.     This debt is nearly identical to the debt allegedly owed to Defendant NCEP.

33.     Upon information and belief, Defendants are attempting to collect the same debt as previously assigned to PRA.

34.     Defendants knew or should have known that Defendant NCEP could not and cannot collect from Plaintiff Tidwell this debt.

35.     Further, the underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing."

*See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

36.    At all times relevant hereto, Defendants had full knowledge of the facts alleged herein above, yet pursued the underlying lawsuit despite this knowledge.

III.
### FIRST CLAIM FOR RELIEF:
### DEFENDANT WITHROW'S VIOLATIONS OF FDCPA

37.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

38.    Plaintiff asserts a claim for violations of the FDCPA against Defendant Withrow, including multiple violations of Arkansas Rules of Civil Procedure 10 and 11 by Defendant Withrow, including improper collection attempts by and blatant misrepresentations in the pursuit of the underlying lawsuit against her.

39.    As attorney for the plaintiff in the underlying lawsuit against Plaintiff Tidwell, Defendant Withrow is liable for the significant violations of the FDCPA as alleged herein.

40.    Defendant Withrow pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as she should be charged with the knowledge, that the suit against Plaintiff Tidwell was not lawfully tenable.

41.    Defendant Withrow attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all

actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

42.     By failing to bring forth this action within the statute of limitations, Defendant Withrow knew or should have known that the underlying action was time-barred and therefore, violated the FDCPA.

43.     Defendant Withrow violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Tidwell that would satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. As stated in *LVNV Funding, LLC v. Nardi,* "where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint." *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

44.     Defendant Withrow further violated the FDCPA as she knew or should have known that NCEP did not have any proof or validation of the debt allegedly owed by Tidwell. It is a blatant violation of the FDCPA when a party does not possess and cannot acquire any proof of the alleged debt.

45.     Defendant Withrow further violated the FDCPA as she knew or should have known that NCEP could not sue Tidwell for the same debt that Defendant Withrow previously sued Tidwell for in the 2011 lawsuit. It is a blatant violation of the FDCPA for a

debt collector to sue someone for a debt which cannot legally be theirs.

46.     Due to Defendant Withrow's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend himself in the underlying lawsuit, despite Defendant Withrow's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant Withrow.

47.     Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant Withrow.

48.     By reason of the unlawful acts alleged herein, Defendant Withrow is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## IV.
## SECOND CLAIM FOR RELIEF:
## DEFENDANT NCEP'S VIOLATIONS OF FDCPA

49.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

50.     Plaintiff asserts additional claims for violations of the FDCPA against Defendant NCEP including improper collection attempts and clear misrepresentations by NCEP in the pursuit of the underlying lawsuit against her.

51.     As a qualifying debt collector and plaintiff in the underlying lawsuit, Defendant NCEP is responsible for the significant violations of the FDCPA as alleged

Terry Tidwell v. NCEP, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:16-cv-_____
Original Complaint

herein.

52.     Defendant NCEP pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as it should be charged with the knowledge, that the suit against Plaintiff Tidwell was not lawfully tenable.

53.     NCEP likewise violated the FDCPA in the pursuit of the underlying lawsuit against Plaintiff by specifically directing an employee of NCEP to execute a false Affidavit and Verification of Account in the district court case.

54.     The Affidavit and Verification of Account states, "Account Assignee claims the sum of $7,737.21 as due and owing of the date of this affidavit." This statement is highly misleading, if not blatantly false, in that no amount is owed by Plaintiff Tidwell.

55.     The Affidavit and Verification of Account also contains false statements regarding the transfer of the original alleged debt to NCEP in that there is no proof provided in the Affidavit or otherwise that this particularly alleged debt was, in fact, transferred to NCEP. Affiant provides no information other than a blanket statement that a debt is owed by Tidwell in the sum of $7,737.21. NCEP failed to provide any additional proof of this alleged debt.

56.     NCEP's suggestion that Plaintiff Tidwell owes any amount to them or any other related company, constitutes false, deceptive, and/or misleading representations or means in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

57.     NCEP's suggestion that it has knowledge of an amount owed by Plaintiff is a false, deceptive, and/or misleading representation in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

58.     Furthermore, Defendant NCEP attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See also Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis*, 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton*, 231 Ark. 464, 330 S.W.2d 280 (1960)).

59.     By failing to bring forth the underlying action within the statute of limitations, Defendant NCEP knew or should have known that the underlying action was time-barred and therefore, violated the FDCPA.

60.     Defendant NCEP violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Tidwell that could satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. Where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint. *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

61.     Due to Defendant NCEP's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend herself in the underlying lawsuit, despite Defendant NCEP's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant NCEP.

62.     Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant NCEP.

63.     By reason of the unlawful acts alleged herein, Defendant NCEP is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## V.
## THIRD CLAIM FOR RELIEF:
## DEFENDANTS' VIOLATIONS OF THE ARKANSAS
## DECEPTIVE TRADE PRACTICES ACT

64.     Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

65.     In improperly representing to the Pope County District Court and to Plaintiff that Plaintiff owed a debt, Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

66.     Defendant NCEP engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Pope County District Court, and/or to Plaintiff, are not grounded in actual law.

67.     Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-

88-107(a)(10) to the extent that any of the representations made by its employee to the Pope County District Court, and/or to Plaintiff, are not grounded in fact.

68.     In taking the actions as set forth above, Defendants have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

69.     Defendant NCEP's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

70.     Defendant Lori Withrow, individually and d/b/a Allen & Withrow, violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

71.     The conduct described above and herein of all Defendants constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq.*

72.     Plaintiff is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

WHEREFORE, premises considered, Plaintiff Terry Tidwell respectfully requests that Defendant NCEP, LLC, and Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, each be summoned to appear and answer herein; for

judgment in an amount to be proved at trial, such judgment consisting of compensatory

and punitive damages; and for all attorney's fees and all court costs incurred herein; and

for all other good and proper relief to which she may be entitled, whether or not

specifically requested herein.

Respectfully submitted,

**PLAINTIFF TERRY TIDWELL**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
## RUSSELLVILLE DIVISION

### SUMMONS
### (NOTICE OF LAWSUIT)

NCEP, LLC                                                                          PLAINTIFF

V.                                          CASE NO. CIV 16-038

Terry W Tidwell                                                                    DEFENDANT

THE STATE OF ARKANSAS TO DEFENDANT:

Terry W Tidwell
1007 PAGE RD
Russellville AR 72802-1714

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it)-or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lori Withrow
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
Pope County District
1506 East 2nd Street Suite 2
Russellville, AR 72801

COURT CLERK

1-22-16
DATE

SEAL OF DISTRICT COURT
SEAL
RUSSELLVILLE
POPE COUNTY
ARKANSAS

EXHIBIT
A

14-02721

No. CV 16 738 This summons is for Terry W Tidwell

## PROOF OF SERVICE

❑   I personally delivered the summons and complaint to the individual at
_____ on _____ ; or

❑   I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to
him/her; or

❑   I left the summons and complaint at the individual's dwelling house or usual place of abode
at _____
with _____ , a person at least 14
years of age who resides there, on
_____ ; or

❑   I delivered the summons and complaint to _____ , an
agent authorized by appoint or by law to receive service of summons on behalf of
_____ on _____ ; or

**Description of person receiving documents:**
        The person receiving the documents is described as follows:
        Skin Color_____Sex_____Hair Color_____Facial Hair_____
        Age_____(prox) Height_____(prox) Weight_____(prox)

❑   I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

❑   I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of
the summons and complaint by first-class mail to the defendant together with two copies of a
notice and acknowledgment and received the attached notice and acknowledgment form within
twenty days after the date of mailing.

❑   Other
[specify]:_____
_____
—
❑   I was unable to execute service because:
_____
_____
_____

My fee is $_____.

14-02721

**To be completed if service is by a sheriff or deputy sheriff:**

Date:_____ SHERIFF OF _____ COUNTY, ARKANSAS

   By:_____

   _____
   (Print Name, Title& Badge No.)

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date:_____

   By:_____

   _____
   (Print Name)

Address:_____

   _____

Phone _____

Subscribed and sworn to before me this date:_____

   _____
   Notary Public

My Commission Expires:

_____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____
_____

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
## RUSSELLVILLE DIVISION

NCEP, LLC                                                                          **PLAINTIFF**

**V.**                                    CASE NO. CIV 16-038

**TERRY W TIDWELL**                                                **DEFENDANT**

### COMPLAINT

Comes the Plaintiff, by and through counsel, and for its cause of action against the Defendant, alleges and states:

1.    That the Plaintiff is a financial institution authorized to do business in the state of Arkansas, and is the successor in interest to NISSAN.

2.    That the Defendant is a resident of Pope, Arkansas, and jurisdiction and venue are proper in this Court.

3.    That Defendant executed a Vehicle Retail Installment Contract ("Agreement"). A copy of said Agreement is attached hereto and incorporated herein by reference as if set out word for word. Please see attached, Exhibit "A".

4.    That the contract was subsequently sold, transferred and assigned to Plaintiff.

5.    That Defendant defaulted on the Agreement by failing to make installment payments when due, resulting in the repossession of said vehicle. The vehicle was subsequently sold.

6.    That as a direct and proximate result of Defendant's breach of the agreement, PLaintiff has suffered damages in the amount of $7,737.21, as evidenced by the Affidavit of Account which is attached hereto.

7.    That demand has been made for the payemnt of same, yet the balance remains upaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $7,737.21, for all costs herein paid and expended, pre-judgment interest from the date received of August 21, 2014, post-judgment interest at the contract rate, a reasonable attorney's fee, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

_____
Lori Withrow (98069)
Colton Gregory (2013181)
Gary J Barrett (2000071)

**FILED**

JAN 22 2016

**POPE COUNTY
DISTRICT COURT**

14-02721

STATE OF **Georgia** )
                             ) ss.
COUNTY OF **Gwinnett** )

**Terry W Tidwell**

12753513
$7,737.21

## AFFIDAVIT OF ACCOUNT

Katresha Hughley

     Before me, the undersigned authority, personally appeared _____,
who, being by me duly sworn, depose as follows:

1.     My full name is   Katresha Hughley        .

2.     As a _____**Assistant Vice President**_____, I am an authorized agent of
NCEP, LLC, and I or a person under my supervision has access to the records concerning
the account of Terry W Tidwell, the Defendant. I am familiar with the books and records
of NCEP, LLC and with the Defendant's account.

3.     I hereby aver that this claim is true and correct to the best of my knowledge, information
and belief, and is due by the Defendant to the Plaintiff and that all just and lawful offsets,
payments and credits to this account have been allowed.

4.     These records show that a total balance of $7,737.21, including interest accrued at the rate
of 0% after charge off unless and until pre-judgment or post judgment interest is awarded
by the court, in accordance with the terms and conditions of the agreement, is due and
payable by Defendant to Plaintiff, assignee of NISSAN.

    Further Affiant sayeth not.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this

___ day of _____, 20__

_____
Notary Public               Miriam Torres
My Commission Expires:   Gwinnett County. GEORGIA
                 NOTARY PUBLIC
                 My Comm. Expires
                 04/09/2017

**FILED**

JAN 2 2 2016

**POPE COUNTY
DISTRICT COURT**



14-02721
affdaf.frs



Page 1

**NISSAN MOTOR ACCEPTANCE CORPORATION**

### SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT - ARKANSAS

| BUYER'S NAME TERRY W. TIDWELL | DATE OF CONTRACT 11/30/2006 | CONTRACT NO. 010364706 | |
|---|---|---|---|
| BUYER'S RESIDENCE OR PLACE OF BUSINESS 107 SUNSET DR, RUSSELLVILLE, AR | | COUNTY POPE | ZIP CODE 72802 |
| CO-BUYER'S NAME AND ADDRESS | | COUNTY | ZIP CODE |
| | N/A | | |

In this contract the words "we", "us" and "our" refer to the creditor (Seller) named below and, after an assignment of this contract, will refer to the assignee of the contract. The words "you" and "your" refer to the buyer and co-buyer, if any, named herein. The Seller intends to sell this contract to Nissan Motor Acceptance Corporation ("NMAC").

Seller sells you the vehicle described below on credit. The estimated credit price is shown below as the "Total Sale Price". The "Cash Price" is also shown below. By signing this contract you choose to buy the "vehicle" on credit and agree to pay us the Amount Financed and other charges according to the terms and agreements shown in this contract. If this contract is signed by a buyer and co-buyer, each is individually and together responsible for all agreements in the contract.

| YEAR 2006 | TYPE New | MAKE TRADE NAME NISSAN | CYL. 4 | BODY STYLE 2.5 S | | MODEL ALTIMA | ODOMETER READING 194 |
|---|---|---|---|---|---|---|---|
| ID NUMBER 1N4AL11D56N407776 | | KEY CODE N/A | | N/A | OTHER | | COLOR ONYX |

☐ AIR CONDITIONING   ☐ SUN ROOF   ☐ ALARM   ☐ STEREO TAPE   ☐ CD PLAYER   ☐ BUMPER   ☐ LEATHER INTERIOR

TRADE-IN DESCRIPTION
YR: 1995   MAKE: TOYOTA   MODEL: CAMRY

USE FOR WHICH PURCHASED:
☒ PERSONAL, FAMILY OR HOUSEHOLD   ☐ BUSINESS OR COMMERCIAL   ☐ AGRICULTURAL

### DISCLOSURES PURSUANT TO TRUTH-IN-LENDING ACT

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** (The cost of your credit as a yearly rate.) | | 11.25 % |
| **FINANCE CHARGE** (The dollar amount the credit will cost you.) | | $ 8,520.14 |
| **Amount Financed** (The amount of credit provided to you or on your behalf.) | | $ 22,064.74 |
| **Total of Payments** (The amount you will have paid after you have made all payments as scheduled.) | | $ 30,584.88 |
| **Total Sale Price** (The total price of your purchase on credit, including your downpayment of $ 4,500.00   .) | | $ 35,084.88 |

**Payment Schedule.** Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | PAYMENTS ARE DUE | |
|---|---|---|---|
| One Payment of | $ N/A | On | N/A |
| 72   Payments of | $ 424.79 | Monthly, Beginning | 01/14/2007 |
| One Final Payment of | $ N/A | On | N/A |

**SECURITY INTEREST:** You are giving a security interest in the vehicle being purchased.
**LATE CHARGE:** If payment is late, you will be charged $10.
**PREPAYMENT:** If you pay off in full early, you will not have to pay a penalty. See additional provisions in this contract about nonpayment, default, any required repayment in full before the scheduled date and security interests.

### ITEMIZATION OF THE AMOUNT FINANCED

| | | |
|---|---|---|
| 1. Cash Price (Incl. Acc.) | $ 24,490.00 | (1) |
| 2. EQUITY GUARD | $ 600.00 | (2) |
| 3. N/A | $ N/A | (3) |
| 4. Documentary Fee | $ 89.00 | (4) |

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. THIS NOTICE IS REQUIRED BY LAW.

| | | |
|---|---|---|
| 5. N/A | $ N/A | (5) |
| 6. N/A | $ N/A | (6) |
| 7. Subtotal (1+2+3+4+5+6) | $ 25,179.00 | (7) |
| 8. Downpayment | | |
| A. Trade-In (Gross Value) | $ 1,500.00 | (A) |
| B. Less Trade-In Payoff paid to N/A | $ 0.00 | (B) |
| C. Net trade-in allowance (A-B) | $ 1,500.00 | (C) |
| D. Cash Downpayment at Closing | $ N/A | (D) |
| E. Mfr's Rebate (If any) | $ 3,000.00 | (E) |
| F. Deferred Downpayment Due | $ 0.00 | (F) |
| G. Total Cash Downpayment (D+E+F) | $ 3,000.00 | (G) |
| Total Downpayment (C+G) | $ 4,500.00 | (8) |
| 9. Balance Owed To Seller For Above Goods and Services (7-8) | $ 20,679.00 | (9) |
| 10. Amounts paid to others on your behalf: | | |
| Paid to Public Officials: | | |
| A. License | $ N/A | (A) |
| B. Registration | $ 1.00 | (B) |
| C. Certificate of Title | $ N/A | (C) |
| D. Sales Tax | $ 1,384.74 | (D) |
| E. Other Taxes | $ N/A | (E) |
| F. N/A | $ N/A | (F) |

This is not the Authoritative Copy.

FILED
JAN 2 2 2016
POPE COUNTY
DISTRICT COURT

Page 2

Paid to Ins. Cos. per Statement of Ins. (Seller may retain or receive a portion of these amounts):

| | | | | | |
|---|---|---|---|---|---|
| G. *Total Vehicle Insurance | | | | $ N/A | (G) |
| H. **Total Credit Insurance | | | | $ N/A | (H) |
| I. N/A | | | | $ N/A | (I) |

Other (Seller may retain or receive a portion of these amounts):

| | | | | |
|---|---|---|---|---|
| J. Paid to N/A | for | PRIOR CREDIT/LSE BAL | $ N/A | (J) |
| K. Paid to N/A | for | N/A | $ N/A | (K) |
| L. Paid to N/A | for | N/A | $ N/A | (L) |
| M. Paid to N/A | for | N/A | $ N/A | (M) |
| Total Other Charges (10A+B+C+D+E+F+G+H+I+J+K+L+M) | | | $ 1,385.74 | (10) |
| 11.AMOUNT FINANCED (9+10) | | | $ 22,064.74 | (11) |

Seller may assign this contract and may retain or receive a portion of the Finance Charge.

---

No Service Contract or Maintenance Contract is required to purchase or obtain financing for a motor vehicle. These are options which are fully detailed in the contracts or certificates describing them. Please read these documents before signing this contract. If you elect either of these items by signing below, the cost is included in the Amount Financed under this contract. Seller may retain or receive a portion of these amounts.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Service Contract: | $ N/A | Deductible; | Term N/A mos. | Cost | $ N/A |
| Maintenance Contract: | $ N/A | Deductible; | Term N/A mos. | Cost | $ N/A |

☐ Buyer and Co-Buyer want a Service Contract.

☐ Buyer and Co-Buyer want a Maintenance Contract.

Buyer _____ Co-Buyer _____

---

## STATEMENT OF INSURANCE

You have the option to obtain the required coverages, and any optional coverages you desire, from a person of your choice and through any insurance company authorized to transact business in Arkansas, or through existing policies owned or controlled by you.

### VEHICLE INSURANCE

**Required Coverages**
You are required to maintain insurance on the vehicle for at least collision ($N/A     deductible) and comprehensive ($N/A     deductible), or equivalent coverages, until you pay off this contract.
If you elect to obtain the required coverages from Seller, the coverages are written by N/A                    (name of company) and the premium and term are as follows:

| Coverage | Term | Premium | | Coverage | Term | Premium |
|---|---|---|---|---|---|---|
| $ N/A | N/A mos. | $ N/A | | $ N/A | N/A mos. | $ N/A |
| deductible comprehensive | | | | deductible collision | | |

**Optional Coverages**
These coverages are optional and are not required by Seller. If obtained through Seller, the premium and term are as follows:

| Coverage | Limits | Term | Premium |
|---|---|---|---|
| Liability: | | | |
| Bodily Injury | N/A | N/A mos. | $N/A |
| Property Damage | N/A | N/A mos. | $ N/A |

(See policy or certificate of insurance for description of terms, conditions and deductible.)
TOTAL VEHICLE INSURANCE PREMIUMS: $ N/A        10G*
LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT UNLESS CHARGES FOR IT ARE SHOWN ABOVE. BY SIGNING THIS CONTRACT WITH THE ABOVE VEHICLE INSURANCE PREMIUMS IN IT, YOU VOLUNTARILY ELECT TO INCLUDE THOSE PREMIUMS IN THE AMOUNT FINANCED

### CREDIT INSURANCE

Credit Life Insurance and Credit Disability Insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. These coverages are available from  N/A          (name of company) of  N/A    (home address) for the premium shown below.

| Type | Term | Premium | Type | Term | Premium |
|---|---|---|---|---|---|
| Credit Life | N/A mos. | $N/A | Credit Disability | N/A mos. | $ N/A |
| Joint Credit Life | N/A mos. | $N/A | Joint Credit Disability | N/A mos. | $ N/A |

TOTAL CREDIT INSURANCE PREMIUMS: $ N/A        10H**
(CREDIT INSURANCE)
If you purchase Credit Disability Insurance, it will pay the payments as originally scheduled up to a maximum of $N/A      per month while the named insured is disabled as defined in the policy, subject to the minimum disability period and up to a maximum amount of $ N/A     . If you have purchased Credit Life Insurance, it will pay the balance that would be owing if all payments as originally scheduled have been timely made as of the death of the named insured and the cause of death is not excluded, up to a maximum of $ N/A     . The policies or certificates issued by the company will more fully describe all the terms and conditions.

I want ☐ Credit Life (on Buyer's Life only)          ☐ Credit Disability (on Buyer only)

☐ Joint Credit Life (on Buyer's and Co-Buyer's Lives)          ☐ Joint Credit Disability (on Buyer and Co-Buyer)

SIGNATURE _____          SIGNATURE _____

---

Guaranteed Auto Protection ("GAP") Agreement (Optional)

This GAP Agreement, or debt cancellation agreement, is not required to obtain credit and will not be provided unless you sign and agree to pay the cost indicated below.
This GAP Agreement is available from JNBA GROUP          (name of provider) of POB 9410 DEERFIELD BEACH, FL,          (provider's address) for the amount shown below. The contract or certificate issued by the provider will more fully describe all the terms and conditions of this Agreement.

| Term 72 months | Cost $ 600.00 |
|---|---|

Buyer and Co-Buyer want this GAP Agreement. _____

Buyer _____

FILED

**POPE COUNTY DISTRICT COURT**

This is not the Authoritative Copy.

NOTICE:  THE FOLLOWING APPLIES TO THE SALE OF A USED VEHICLE ONLY.  THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

AVISO: LO SIGUIENTE APLICA A LA VENTA DE UN VEHÍCULO USADO UNICAMENTE. LA INFORMACIÓN QUE USTED VE EN EL FORMULARIO DE LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA SUPEDITA CUALESQUIERA DISPOSICIONES CONTRARIAS EN EL CONTRATO DE VENTA.

**Signature** DIRECTPAY AUTHORIZATION AGREEMENT (Not required. Please complete and sign if you want this option.)
You authorize and request us to initiate electronic debit entries or effect a charge by any other commercially accepted practice to your account at the financial institution (Bank) listed below, and you request and authorize the Bank to honor the debit entries initiated by us and debit such account. This authorization pertains to your payments described in this contract. The authority is to remain in force and effect until the schedule of payments is completed or until Bank and we have received written notification from you of its termination in such time and manner as to allow a reasonable opportunity to act. A voided check, including Bank name, branch address, and account number, is provided by you to us in order to arrange the debits or charges.

_____   _____        N/A
SIGNATURE/DATE (BUYER OR CO-BUYER)     SIGNATURE/DATE (BANK ACCOUNT OWNER OR JOINT OWNER)   BANK NAME

SEE ADDITIONAL TERMS AND CONDITIONS, INCLUDING DISCLAIMER OF WARRANTIES, WHICH ARE A PART OF THIS CONTRACT.

NOTICE: THIS CONTRACT CONTAINS AN ARBITRATION CLAUSE. PLEASE SEE BELOW.

The Annual Percentage Rate May Be Negotiable With The Dealer.

NOTICE TO THE BUYER - DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY SAVE A PORTION OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT WITH NO BLANK SPACES.

Buyer
sign here
Address 107 SUNSET DR, RUSSELLVILLE, AR
        State            Zip      Phone  4798900043

Seller's Name   VALLEY MOTORS, INC

Co-Buyer
sign here
Address
        State            Zip      Phone

Seller's Address   3115 E MAIN, RUSSELLVILLE, AR 72802
By                              Title   FINANCE MANAGER

CONSUMER PAPER

This is not the Authoritative Copy.

FILED

JAN 2 2 2016

POPE COUNTY
DISTRICT COURT

## ADDITIONAL TERMS AND AGREEMENTS

**A. PAYMENT:** You promise to pay the Amount Financed plus the Finance Charge at the Annual Percentage Rate as disclosed in this contract, in addition to the Total Downpayment, at the times and in the amounts set forth in this contract. The Finance Charge is computed as simple interest and will be calculated on a daily basis. Finance Charge will accrue on the unpaid balance of the Amount Financed at the Annual Percentage Rate shown in the disclosures until it is fully paid. Each payment that we receive will be applied first to charges due under sections C and/or G below, then to accrued and unpaid interest, then to the unpaid principal balance of your contract. Except as set forth in this contract, all other amounts which may be due to Seller because of your failure to keep your contract promises will ACCRUE INTEREST AT THE ANNUAL PERCENTAGE RATE as disclosed in this contract and be payable UPON DEMAND, but in no event later than the time your final payment is due. The Finance Charge, Total of Payments, Total Sale Price and Payment Schedule shown in the disclosures in this contract are based upon the expectation of payment exactly as disclosed; early or late payment may affect the amount of Finance Charge you will pay, and consequently your final payment may differ from the amount of estimated final payment disclosed herein. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums lawfully owed under this contract even if the final payment differs from the estimated amount of the final payment disclosed herein.

**B. SECURITY INTEREST:** You give us a security interest under Arkansas law in the vehicle and all parts and accessories which now or hereafter constitute accessions to the vehicle and in all proceeds of such vehicle and accessions. To the extent permitted by law, you also give us a security interest in all rights to any refunds of unearned insurance premiums and unearned service contract or maintenance contract charges included in this contract, and in all proceeds of these coverages and contracts. The security interests secure all obligations which may become due under this contract.

**C. USE OF VEHICLE:** You agree to keep the vehicle free of all delinquent taxes and liens, except the security interest under this contract, and not to use the vehicle illegally, improperly, or for hire. You agree not to make any material change in the vehicle, remove it from this State for a period of 30 or more days, or transfer any interest in the vehicle, without our written consent, and not to subject the vehicle to lawful seizure. If we pay any liens, taxes or other amounts because you breached your promise we will provide you with reasonable notice to the extent required by applicable law and you will reimburse us upon demand for any amounts so paid, plus Finance Charge thereon, calculated at the Annual Percentage Rate shown in this contract, from the date of our payment until you repay us in full.

**D. INSURANCE:** You agree to keep the vehicle insured in favor of us with a policy reasonably satisfactory to us for collision coverage, and comprehensive or fire, theft and combined additional coverage, in amounts not less than the unpaid sums owed under this contract, or the insurable value of the vehicle, whichever is less, subject to the deductibles shown in this contract. Any policy of insurance shall be endorsed to show as us additional loss payee and shall provide that we receive not less than 10 days' prior written notice of cancellation. You agree that we can obtain and use any proceeds from insurance to repair or replace the vehicle. You must use physical damage insurance proceeds to repair the vehicle, unless otherwise agreed by us in writing. If the unpaid amount owed on this contract has been lawfully declared due at that time, at our option we may instead obtain and apply the insurance proceeds to reduce what you owe under this contract. To the extent permitted by law, any refunds we receive of unearned premiums financed in this contract will be applied to amounts owed under this contract or, if there is no amount then lawfully owed, refunded to you. Refund credits will include the amount of the refund we receive and any unearned Finance Charge thereon. Whether or not you have acquired credit insurance and/or the vehicle is insured, you must pay for it, after it is delivered to you, even if it is lost, damaged, or destroyed (other than as a result of such lawful acts or faults).

**E. PREPAYMENT OF AMOUNTS OWED:** You may prepay the amount owed (net of any unearned Finance Charge) under this contract at any time. If you prepay a portion of your balance, payment will be applied as described in section A above. Your next payment will be due on the next regular installment date. If you prepay in full, your obligation will be determined using a simple interest approach as of the date we are paid in full.

**F. DEFAULT:** If you default in the performance of any of your obligations under this contract, including, but not limited to, the failure to make any payment when due, or the occurrence, pendency, or existence of a bankruptcy or insolvency proceeding, or if we in good faith believe that the prospect of payment or performance is impaired, we may at our option (subject to compliance with notice and other requirements of applicable law then prevailing, if any) declare the entire unpaid balance of this contract (net of any unearned Finance Charge) immediately due and payable in full, and you waive notice of our intention to do so. If you fail to pay any amount when due, or when declared due under this section F, or fail to comply with any of your other obligations under this contract, we will have, in addition to our other lawful rights and remedies, all rights and remedies of a secured party under the law, including, but not limited to, the right, so long as we do not breach the peace, to take possession of the vehicle (and parts and accessories which now or hereafter constitute accessions to the vehicle) and, after giving notice as required by law, to sell the vehicle, unless you redeem it before sale in accordance with the law. Except as otherwise required by law, you agree that 10 days' notice mailed in accordance with section I (6) below will be reasonable and sufficient notice of any such sale. You agree to make the vehicle available to us at a place we designate which is reasonably convenient to both you and us if we request you to do so. Upon your default, and to the extent permitted by law, we may also cancel any credit life and disability insurance, other insurance coverages, service contracts or maintenance contracts and recover the unearned premiums or charges therefor pursuant to our security interest therein. The proceeds of sale, unearned premiums or charges, collection and/or enforcement will be applied first to the following items: expenses of retaking, holding, preparing for disposition, processing, and disposing of the vehicle; and, to the extent permitted by law, expenses of collection and enforcement, reasonable attorneys' fees and legal expenses. All remaining proceeds will be applied to the balance (net of any unearned Finance Charge) lawfully owing under this contract. If any money is left over (surplus) then, subject to the rights of the holders of any subordinate security interests, it will be paid to you. If a balance still remains owing, you will pay it subject to applicable laws then in effect. Our remedies are cumulative, and not exclusive, and any action which we take shall not prevent us from pursuing any other remedy to the extent allowed by law. If this contract is referred for collection to an attorney who is not a salaried employee of the Seller or Holder of this contract, you agree to pay that attorney's reasonable fee, not to exceed 10% of the amount of principal due, and court costs, to the extent permitted by law. To the extent permitted by law, you agree to pay any other collection costs we incur. If the vehicle is repossessed, we may store any personal property found in the vehicle for your account and at your expense. If you fail to claim the personal property within 90 days after repossession, we can retain the property or dispose of the property in a reasonable manner and distribute any proceeds of such disposition according to applicable law.

**G. LATE CHARGES; RETURNED FUNDS:** If you fail to make any payment on or before the date it is due, you will be charged a late charge of $10, or such other maximum amount permitted under applicable law. If any check, instrument of electronic funds transfer you give us is returned unpaid for any reason, you promise to pay us a reasonable processing fee not to exceed $20.

**H. BUYER'S CREDIT INFORMATION:** You promise that you have given true and correct information in your application for credit and understand that we have relied upon the correctness of that information in entering into this contract. You promise, that you have given us a true payoff amount on any vehicle traded in and you promise that if it is not correct and is greater than the amount shown in this contract, you will pay the excess to us upon demand.

**I. OTHER AGREEMENTS:** (1) To the extent permitted by law, you agree that if we accept monies in sums less than those due or make extensions of due dates of payments under this contract, doing so will not be a waiver or our right to enforce the contract terms as written as to any amounts due thereafter. (2) You will allow us to inspect the vehicle at reasonable times and notify us of any change of your address within 30 days. (3) Unless prohibited by law, we reserve the right to assign this contract without giving notice to you thereof, and you agree that the assignee will have all of our rights and remedies under the contract. In any event, you agree that you will continue to pay all that is still owed under this contract at the times, and in the amounts provided by this contract, to NMAC, until such time that you are notified otherwise. You agree not to assign any of your rights or obligations under this contract. (4) All of the agreements between us and you are set forth in this contract and no modification of this contract shall be valid unless it is made in writing and signed by you and us, except as otherwise permitted by statute or required by law. (5) Any provision of this contract which may be held invalid shall not mean that this contract is otherwise unenforceable and the remaining provisions of this contract shall continue to be binding, to the extent legally possible. (6) Except as otherwise provided by law or in this contract, any notice we are required, or desire, to send you will be deemed properly and sufficiently transmitted when delivered to you by hand or when placed in a depository of the U.S. Postal Service, postage prepaid, addressed to your last address as shown by our records (including the last address you have notified us of). (7) If a co-buyer is listed as a party to this contract and a separate address is not listed for such co-buyer, then any notice to such co-buyer required or permitted by this contract of applicable law will be sufficiently given or made if placed in a depository of the U.S. Postal Service, postage prepaid, addressed to the last known address of the buyer. (8) We may accept payments with "payment in full" or similar language written thereon, without being bound by this language or waiving any of our rights. (9) You agree to execute and deliver to us any document which may be necessary to perfect or maintain the Seller's security interest in the vehicle, including without limitation, any license, title or registration document, and to provide us with information or documentation related to the vehicle and this contract as we may reasonably request from time to time. (10) You agree that this contract, including fees, charges and disclosures, will be governed by the internal laws of Arkansas and other applicable law, except that collections, enforcement and repossession-related activity will be governed by the law of buyer's state of residence at the time of the activity. (11) You (and any guarantor of this contract, by signing as provided below) agree that, in the event a refund or rebate becomes due under this contract, we may pay such refund or rebate directly to the buyer irrespective of the original source of payment of the amount refunded or rebated, whether from buyer, co-buyer or any guarantor of this contract. (12) To the extent permitted by law, you consent that we may call you at any telephone number we have for you, including any cell phone, by any means we select, including an automatic telephone dialing system and/or an artificial or pre-recorded voice.

**J. IMPORTANT LIMITATIONS ON OUR RIGHTS:** Notwithstanding any contrary provisions of this contract or any other document or communication, all rights and remedies of Seller and any Holder under this contract will be exercised only in accordance with all applicable laws and without breaching the peace. If any amount is contracted for, charged or received pursuant to the contract (or pursuant to any document or communication relating to this contract) which, but for this paragraph, would exceed the amount lawfully allowed, the amount will be automatically reduced to the maximum amount lawfully allowed and any excess amount received or collected will be promptly refunded to you. Nothing in this contract is to be construed to waive any claims or defenses you may have arising out of the sale or to waive any rights of action for any illegal act in collecting any payments or in any repossession.

FILED

JAN 2 2 2016

**POPE COUNTY
DISTRICT COURT**

This is not the Authoritative Copy.

**K. WARRANTIES: YOU AGREE THAT THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, REPRESENTATIONS, PROMISES OR STATEMENTS AS TO THE CONDITION, FITNESS OR MERCHANTABILITY OF THE VEHICLE THAT HAVE BEEN MADE BY SELLER. THE SELLER UNDERTAKES NO RESPONSIBILITY FOR THE QUALITY OF THE GOODS EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT. THE SELLER ASSUMES NO RESPONSIBILITY THAT THE GOODS WILL BE FIT FOR ANY PARTICULAR PURPOSE FOR WHICH YOU MAY BE BUYING THESE GOODS, EXCEPT AS OTHERWISE PROVIDED IN THE CONTRACT. ANY STATEMENT AS TO THE YEAR MODEL OF THE VEHICLE IS FOR IDENTIFICATION ONLY AND IS NOT A REPRESENTATION OR WARRANTY BY US. THE PRECEDING PORTIONS OF THIS SECTION K: (1) DO NOT APPLY IF SELLER MAKES ANY WRITTEN WARRANTY OR IF SELLER ENTERS INTO A SERVICE CONTRACT AT THE TIME OF SALE OR WITHIN 90 DAYS THEREAFTER, AND (2) DO NOT AFFECT ANY MANUFACTURER OR DISTRIBUTOR WARRANTY, IF ANY. IF THE VEHICLE IS A USED CAR, THIS SECTION AND THE OTHER PORTIONS OF THIS CONTRACT ARE SUBJECT TO THE NOTICE REGARDING THE WINDOW FORM IN THIS CONTRACT AND TO THE WINDOW FORM.**

L. Electronic Contracting and Signature Acknowledgment: You agree that (i) this Contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this Contract and that this Contract is legally valid and enforceable in accordance with its terms to the same extent as if you had executed this Contract using your written signature and (iii) the authoritative copy of this Contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this Contract with your electronic signature also constitutes issuance and delivery of such paper Contract, (2) your electronic signature associated with this Contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

**To contact Nissan Motor Acceptance Corporation about this contract, call 1-800-456-6622.**

---

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER**

**ARBITRATION CLAUSE - IMPORTANT - PLEASE REVIEW - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the seller of the vehicle is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

---

**GUARANTEE**

For purposes of this Guarantee only, the words "I" and "my" refer to all Guarantors signing this Guarantee. The words "you" and "your" refer to the Seller (or to the Holder of this contract if it is assigned). The word "Buyer" includes "Co-Buyer".

I guarantee payment to you of all sums from time to time owed under this contract. If the Buyer fails to pay any money that is owed under this contract, I will pay it on demand without first requiring that you proceed against the Buyer or that you perfect or ensure enforceability of the Buyer's obligation or security. I represent to you that this Guarantee is genuine, legally valid and enforceable, and to the extent allowed by law, I waive notice of its acceptance and any defaults thereunder and any other notices which may be required. I agree that I am jointly and severally liable with all other Guarantors signing the Guarantee for the performance of all of its terms. I agree to be liable even if you give the Buyer more time to pay one or more payments, compromise or release any rights against Buyer or any of the other Guarantors, or release any security. If I default under this Guarantee and you refer it to an attorney who is not the salaried employee of the Seller or Holder of this contract for collection, I will pay your attorney's fees, court costs and disbursements, to the extent permitted by law, it being understood and agreed that I hereby waive any such limitations imposed by law which I may legally waive.

**I have received a completed copy of this contract and this Guarantee at the time of signing.**

Guarantor                                              Guarantor

Address  N/A                                           Address  N/A

                                (Zip)

Telephone  N/A                                         Telephone  N/A
         (Area)                                                 (Area)

This is not the Authoritative Copy.

FILED

JAN 2 2 2016

POPE COUNTY
DISTRICT COURT

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
## RUSSELLVILLE DIVISION

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                          **PLAINTIFF**

**V.**                                    CASE NO. _C/V 2011. 75_

**TERRY TIDWELL**                                                **DEFENDANT**

### COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2. That the Defendant is a resident of Pope County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her Citifinancial Auto Credit account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is $7,419.27, plus pre-placement interest in the amount of $.00, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $7,419.27, for all costs herein paid and expended, for pre-judgment and post-judgment interest at the contract rate, reasonable attorney's fees, and for all other proper relief.

**FILED**

FEB 0 1 2011

POPE COUNTY
DISTRICT COURT

Southern, Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Robert H. Montgomery (86127)

**EXHIBIT**

**B**

S&A File No. 10-04581-0

STATE OF VIRGINIA        )
                         ) ss.
CITY OF NORFOLK          )

### AFFIDAVIT OF ACCOUNT

The undersigned, being a Representative of Portfolio Recovery Associates, Llc, upon being duly sworn says that I am a Custodian of Records for Portfolio Recovery Associates, Llc, and am familiar with the record thereof, pertaining to the account of **Terry Tidwell** bearing account number _____ The amount due on said account, over and above all set-offs and counterclaims is $7,419.27, plus pre-placement interest totalling $.00, as of the date of this statement.

I further state, upon information and belief, that the above-named individual is not in the military service.

DATE:                                   Portfolio Recovery Associates, Llc

JUL 3 0 2010
_____                 _____
                                        ASSOCIATE    Kelly M. Roberts
                                        Custodian of Records

SUBSCRIBED AND SWORN to before me this

30 day of July, 20 10.

_____
Notary Public

> RETHA Y GRAY
> Commonwealth of Virginia
> Notary Public
> Commission No. 7203884
> My Commission Expires 01/31/2012

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

S&A File No. 10-04581-0

AFP

# FILED

FEB 0 1 2011

POPE COUNTY
DISTRICT COURT

**IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS**
**RUSSELLVILLE DIVISION**

**SUMMONS**
**(NOTICE OF LAWSUIT)**

PORTFOLIO RECOVERY ASSOCIATES, LLC                                    PLAINTIFF

V.                                   CASE NO. _CIV 2011.75_

TERRY TIDWELL                                                         DEFENDANT

PLAINTIFF'S ATTORNEY:     Robert H. Montgomery
                          P.O. Box 17248
                          Little Rock, AR 72222
                          (501) 227-2000

TO THE ABOVE-NAMED DEFENDANT:     Terry Tidwell
                                  923 Page Rd
                                  Russellville, AR 72802

1. You are hereby notified that a lawsuit has been filed against you by the above-named Plaintiff; the relief asked is stated in the attached Complaint.

2. The attached Complaint will be considered admitted by you and a Judgment by default may be entered against you for the relief asked in the Complaint unless you file a written response to answer and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   a. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b. It must be filed in the court in which the action was brought within twenty (20) days (unless otherwise stated) from the day you were served with this summons; or within thirty (30) days if you are a non-resident of this state or within sixty (60) days if you are a person incarcerated in any jail, penitentiary, or other correctional facility in this state. (Court address provided at the bottom of this page).
   c. A copy of your response must be delivered or mailed to the Plaintiff of its attorney.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you in the time allowed.

WITNESS my hand and the seal of said court this day.

STATE OF ARKANSAS

COUNTY OF POPE COUNTY

COURT CLERK _____   DATE 2/1/11

On this _____ day of _____, 20 _____, at _____ o'clock ____.M., have duly served

the within summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the complaint, to

_____, such person being:

**Check Applicable Square:**

☐   the person named therein as defendant

☐   at defendant's dwelling or usual place of abode with some person residing therein who is at least 14 years of age, that

    person's name and relationship to the above-named party being: _____

    (relationship to defendant): _____

☐   the duly designated agent for service of process for the defendant

☐   other: _____

                                              By: _____
                                              Title: _____

**Address of the Court:**
Russellville District Court
210 N Shamrock Blvd
Russellville, AR 72802

FILED
FEB 0 1 2011
POPE COUNTY
DISTRICT COURT

S&A File No. 10-04581-0

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
## RUSSELLVILLE DIVISION

PORTFOLIO RECOVERY ASSOCIATES, LLC          **PLAINTIFF**

V.                 **CASE NO. CIV2011-75**

TERRY TIDWELL                **DEFENDANT**


### DEFAULT JUDGMENT

Now on this day this cause comes on to be heard, but the Defendant comes not, and this cause was submitted to the Court upon the Complaint, with the Exhibits thereto and filed herein, the summons issued herein against the Defendant and the return made to this Court thereon showing proper service for the time and in the manner as required by law, from all of which and other matters, proof and things before the Court, the Court doth find:

That the Defendant has been duly served with the summons for more than twenty (20) days allowed by law, that Defendant has failed to file a timely Answer within the twenty (20) days allowed by law, or to appear and defend, and the Defendant is indebted to the Plaintiff in the amount of $7,419.27, plus pre-placement interest in the amount of $.00 to the date of 7/12/10, plus pre-judgment interest at the rate of six percent (6%) per annum from the date received of 7/12/10 until Judgment is filed and post-judgment interest at the rate of five percent (5%) per annum from the date Judgment is filed until paid in full, and for all its costs herein expended to date in the amount of $130.00, plus any additional costs incurred during the enforcement of this Judgment.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED and ADJUDGED that

FILED

APR 0 4 2011

POPE COUNTY
DISTRICT COURT

S&A File No. 10-04581-0

EXHIBIT

C

Plaintiff have of and recover from the Defendant the sum of $7,419.27, plus pre-placement interest in

the amount of $.00 to the date of 7/12/10, plus pre-judgment interest at the rate of six percent (6%) per

annum from the date received of 7/12/10 until Judgment is filed and post-judgment interest at the rate of

five percent (5%) per annum from the date Judgment is filed until paid in full, for all its costs herein paid

and expended to date in the amount of $130.00, plus any additional costs incurred during the

enforcement of this Judgment, and a reasonable attorneys' fee in the amount of $ _500 oo_ , for

all of which execution may issue.

Pursuant to Ark. Code. Ann. § 16-66-221, as a resident of this state who has final Judgment of

a court of record entered against him, he shall prepare a schedule, verified by affidavit, of all property,

both real and personal, including moneys, bank accounts, right, credits, and choses in action held by

himself or others for him and specify the particular property which he claims as exempt under the

provisions of the law.  The schedule shall be filed with the clerk of this court within forty-five (45) days

of entry of this judgment.

IT IS SO ORDERED.

APR 0 4 2011

Date:

Approved as to Form:

Robert H. Montgomery (86127)
Attorney for Plaintiff
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

S&A File No. 10-04581-0

FILED

APR 0 4 2011

POPE COUNTY
DISTRICT COURT